IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00098-CMA-NRN

JERRY MICHAEL GYRION, JR.,

    Plaintiff,

v.

DILLON COMPANIES, LLC, *d/b/a* King Soopers, Inc., *a/k/a* D620 Kroger Central/King Soopers,

    Defendant.

---

**ORDER AFFIRMING THE RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE (DOC. # 71)**

---

This matter is before the Court on the March 8, 2023 Recommendation (Doc. # 71) of United States Magistrate Judge N. Reid Neureiter, wherein he recommends denying Plaintiff Jerry Michael Gyrion, Jr.'s Motion for Leave to Amend Complaint (Doc. # 60). Mr. Gyrion objects to that Recommendation. (Doc. # 75.) For the following reasons, the Court affirms and adopts Judge Neureiter's Recommendation as an order of this Court.

### I.    BACKGROUND

Judge Neureiter's Recommendation provides a sufficient recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the

Court will reiterate the background only to the extent necessary to address Mr. Gyrion's Objection.

On January 30, 2023, Mr. Gyrion sought leave to amend his complaint. (Doc. # 60.) Specifically, he seeks to "add[] three brief paragraphs of factual allegations, and assert[] one additional claim of negligence." (Doc. # 60 at 4; Doc. # 60-2.) Judge Neureiter recommends denial of Mr. Gyrion's request to amend his pleadings. (Doc. # 71.) Mr. Gyrion timely filed his Objection (Doc. # 74), and Defendant Dillon Companies, LLC, followed with its Response (Doc. # 75).

## II.  LEGAL STANDARDS

### A.  REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION

A magistrate judge may issue orders on nondispositive motions only, but "[w]hether motions to amend are dispositive is an unsettled issue" in the United States Court of Appeals for the Tenth Circuit. *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-CV-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020). Because denial of the motion for leave to amend may be viewed as dispositive if it precludes Plaintiff's claims, the Court treats Judge Neureiter's Recommendation as dispositive in this case.

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An

objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.     AMENDMENT OF SCHEDULING ORDER AND COMPLAINT**

Because the deadline to amend pleadings has long passed, a two-step analysis governs whether amending or supplementing the Complaint—and thereby amending the Scheduling Order—at this juncture is proper under Rule 16(b)(4) and Rule 15 of the Federal Rules of Civil Procedure. Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This standard "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass' n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int' l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). Rule 16's good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* Rather than focusing on the bad faith of the movant or prejudice to the opposing party, Rule 16 "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

At step two, the Court turns to the requirements of Rule 15. Mr. Gyrion seeks to supplement his Premises Liability claim by adding a negligence claim. (Doc. # 60 at 4;

3

Doc. # 60-2.) The standard of review for permitting supplementation under Rule 15(d) is the same as that under Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep' t of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020). Further, the Court has "broad discretion" when deciding whether to permit a party to serve a supplemental pleading. *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

### III.     ANALYSIS

**A.     MODIFICATION OF THE SCHEDULING ORDER**

The Court, like Judge Neureiter, notes that Mr. Gyrion did not expressly address the good cause standard in his Motion to Amend. (Doc. # 71 at 4); *see also* (Doc. # 60.) However, he does assert that Defendant's Fourth Supplemental Disclosures (Doc. # 60-1), filed two days before the discovery deadline, "provide support for additional allegations and claims." (Doc. # 60 at 2.) In his Reply in support of his Motion to Amend, Mr. Gyrion expressly identifies this as his good cause for requesting late amendment to his Complaint. (Doc. # 68 at 2.) Mr. Gyrion never states specifically what information

4

was gleaned from the Fourth Supplemental Disclosures that necessitated his late request for amended pleadings.

Judge Neureiter finds Mr. Gyrion's assertion of good cause unpersuasive. (Doc. # 71 at 4–5.) Specifically, Judge Neureiter concludes that although Defendant filed additional documents late in the discovery period, those documents would have been easily accessible to Mr. Gyrion had he exercised reasonable diligence during the discovery period. (*Id.*) Judge Neureiter notes that as early as its Answer to Mr. Gyrion's Complaint—filed nearly a year before Mr. Gyrion's Motion to Amend, on January 21, 2022—Defendant asserted that it is not the landowner of the area where Mr. Gyrion was allegedly injured. (*Id.* at 4); *see also* (Doc. # 14 at ¶ 28.) Further, in its Initial Disclosures filed on March 1, 2022, Defendant identified the parties it purports are the landowners and property managers. (Doc. # 15); *see also* (Doc. # 71 at 4.) Defendant alleges that despite having this information, Mr. Gyrion did not engage in discovery of these parties. (Doc. # 67 at 2, 4, 7, 11–12, 14.) Mr. Gyrion does not deny this. Rather, Mr. Gyrion argues that it was Defendant's duty to timely subpoena the landowner and property manager because proof of their legal statuses is essential to its defense. (Doc. # 68 at 3.) Judge Neureiter also finds this argument to be unpersuasive—reminding Plaintiff that "[t]his is [his] lawsuit[, and he] bears the burden of proving his case, including proving that Defendant is a landowner within the meaning of the [Colorado Premises Liability Act ("CPLA")]." (Doc. # 71 at 5.)

The Court agrees. The CPLA permits an individual to sue a **landowner** for certain injuries incurred on that landowner's real property. Colo. Rev. Stat. § 13-21-115;

*see also Jordan v. Panorama Orthopedics & Spine Ctr., PC*, 346 P.3d 1035, 1040–41 (Colo. 2015). Thus, establishing a defendant is the landowner is an essential element of bringing a claim pursuant to the CPLA. *See Jordan*, 346 P.3d at 1044 (holding that a defendant who did not possess or control the land on which plaintiff was injured could not be held liable under the CPLA).

In his Objection, Mr. Gyrion argues that "[t]he Recommendation overstates the extent to which Plaintiff was aware that the entities identified by Defendant could conceivably be viewed as landowners such that asserting a negligence claim was proper." (Doc. # 75 at 3.) The Court is not persuaded. The only additional factual allegations Mr. Gyrion seeks to include in his amended complaint pertain to a semi-trailer parked near the area where he claims to have fallen. (Doc. # 60-2 at ¶¶ 14–16.) As the semi-trailer was allegedly present on the day of Mr. Gyrion's injury, these are facts he would have been aware of from the onset of this litigation. Further, from the moment Mr. Gyrion was on notice of Defendant's assertion that non-parties may be the actual landowners under the CPLA, he should have (1) sought discovery from those parties in order to establish the proper defendant for his CPLA claim, and (2) conducted legal research to fully comprehend the CPLA's definition of "landowner." In the alternative, had Mr. Gyrion not wanted to join additional parties in this action for whatever reason, at a minimum he was on notice from the moment Defendant filed its Answer that it might be prudent to add a negligence claim. Mr. Gyrion has provided no arguments for why these actions could not be accomplished prior to the May 16, 2022 deadline to amend pleadings, and the Court perceives none. *See* (Doc. # 19 at 8.)

**B.     SUPPLEMENTATION OF PLEADINGS**

Even were the Court to find that Mr. Gyrion had established good cause to modify the Scheduling Order, the Court agrees with Judge Neureiter that Mr. Gyrion's Motion to Amend was unduly delayed. (Doc. # 71 at 6–7.) A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). Delay is undue "when the party filing the motion has no adequate explanation for the delay" or "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). In the Tenth Circuit, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan*, 397 F.3d at 1315.

In his Recommendation Judge Neureiter determines that Mr. Gyrion's Motion to Amend was unduly delayed because it would make the Complaint a "moving target," and because Mr. Gyrion has not adequately explained his delay. (Doc. # 71 at 6–7.) Judge Neureiter also accurately notes that delay in moving to amend is "undue" when a movant knows or should have known of the facts in the proposed amendment but did not include them in the original complaint. (*Id.* at 6); *Frank*, 3 F.3d at 1365–66.

Mr. Gyrion's Motion to Amend is untimely as he filed it approximately eight months after the deadline for such motions. (Doc. # 71 at 4); *see also* (Doc. # 19 at 8.) Further, as discussed above, Mr. Gyrion knew the facts upon which his proposed

7

supplement is based well before the deadline for amendments—likely as early as the onset of litigation. (Doc. # 60-2 at ¶¶ 14–16.) Under these circumstances, the Court agrees with Judge Neureiter that Mr. Gyrion's delay was "undue." *Duncan*, 397 F.3d at 1315; *Frank*, 3 F.3d at 1365–66.

In his Objection Mr. Gyrion argues that Judge Neureiter incorrectly placed the burden on him, rather than requiring Defendant to establish that the proposed amendment would result in prejudice. (Doc. # 75 at 4–5.) Mr. Gyrion is correct that once good cause has been established, the opponent of a motion to amend bears the burden of demonstrating that the amendment should be denied for one of the permitted reasons. *Openwater Safety IV*, 435 F. Supp. 3d at 1151. However, Mr. Gyrion is incorrect in his assertions that (1) Judge Neureiter misapplies the burden, and (2) Defendant must demonstrate the amendment would result in prejudice. (Doc. # 75 at 4–5.)

Judge Neureiter's explanation of Mr. Gyrion's burden "to show the 'scheduling deadlines cannot be met despite [his] diligent efforts,'" *Gorsuch*, 771 F.3d at 1240, relates to the first step of the analysis—determining if good cause existed to modify the Scheduling Order under Rule 16(b). (Doc # 71 at 4 n.1). In turning to step two, Judge Neureiter correctly states that amendment or supplementation of a complaint can be denied, not only upon a showing of prejudice to the opposing party, but also if the opposing party demonstrates undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. (Doc. # 71 at 3); see also *Wilkerson*, 606 F.3d at 1267. Judge Neureiter then correctly applies this

burden (Doc. # 71 at 5–6), and the Court agrees that Defendant repeatedly pointed to Mr. Gyrion's undue delay in its opposition to his Motion to Amend. (Doc. # 67 at 2, 4, 7, 11–12, 14.)

## C. CONCLUSION

For the foregoing reasons, the Court finds that Judge Neureiter's Recommendation is correct. The Court therefore ORDERS as follows:

- the March 8, 2023 Recommendation of United States Magistrate Judge N. Reid Neureiter (Doc. # 71) is AFFIRMED and ADOPTED as an order of this Court;

- Plaintiff Jerry Michael Gyrion, Jr.'s Objection (Doc. # 75) is OVERRULED; and

- Plaintiff Jerry Michael Gyrion, Jr.'s Motion for Leave to Amend Complaint (Doc. # 60) is DENIED.

DATED: April 11, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge