IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00098-CMA-NRN

JERRY MICHAEL GYRION, JR.,

    Plaintiff,

v.

DILLON COMPANIES, LLC, *d/b/a* King Soopers, Inc., *a/k/a* D620 Kroger Central/King Soopers,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTIONS TO PRECLUDE OR LIMIT THE TESTIMONY OF DEFENDANT'S EXPERTS

This matter is before the Court on two motions to preclude or limit expert testimony filed by Plaintiff Jerry Michael Gyrion, Jr.: (1) Motion to Preclude the Testimony of Gary White (Doc. # 49), and (2) Motion to Limit the Testimony of Kyle Jacobson (Doc. # 50). For the following reasons, the Court denies the Motion to Preclude the Testimony of Gary White and denies as moot the Motion to Limit the Testimony of Kyle Jacobson.

### I.    BACKGROUND

The Court detailed the factual background of this case in its April 13, 2023 Order Denying Defendant's Motion for Summary Judgment. (Doc. # 80.) The Court incorporates that background by reference and reiterates only the facts necessary to address Plaintiff's instant Motions.

This is a slip and fall case. Defendant Dillon Companies, LLC, owns and operates a grocery store in the Columbine Knolls Village shopping center in Littleton, Colorado. (Doc. # 47-5 at 1.) Mr. Gyrion, a truck driver, made a delivery to Defendant's store on December 7, 2019. (Doc. # 6 at ¶¶ 8–9) Upon exiting his truck, Mr. Gyrion alleges that he slipped and fell on ice that had accumulated in the loading dock area. (Doc. # 6 at ¶ 13.) Mr. Gyrion initiated this action in December 2021, alleging one claim pursuant to the Colorado Premises Liability Act ("CPLA"). (Doc. # 6.)

On December 30, 2022, Defendant filed a Motion for Summary Judgment in which it argued that it was not a statutory "landowner" under the CPLA of the area where Mr. Gyrion fell. (Doc. # 47 at 8–11.) The Court concluded that, although the parties agreed that nonparties had contractual obligations related to maintenance and snow removal of the relevant area, summary judgment was not appropriate because material facts remained genuinely disputed (Doc. # 80 at 7–8.) As it relates to the instant Motions, the Court noted a dispute regarding the exact location of Mr. Gyrion's fall—specifically whether he fell on the ice observed alongside a storage trailer, or in the area directly adjacent to his truck's cab. (Doc. # 80 at 8.)

On January 4, 2023, Mr. Gyrion filed the instant motions to preclude the testimony of Defendant's retail expert Gary White, and to limit the testimony of Defendant's accounting expert Kyle Jacobson. (Docs. ## 49–50.) Defendant timely filed its Responses. (Doc. # 56–57.) Mr. Gyrion followed with his Reply (Doc. # 66) in support of his Motion to Preclude the Testimony of Gary White. Mr. Gyrion did not file a reply in

support of his Motion to Limit the testimony of Kyle Jacobson and the time to do so has passed. D.C.COLO.LCivR 7.1(d).

## II. STANDARD OF REVIEW

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise." Fed. R. Evid. 702. Before the expert can offer such opinions, however, the proponent of the testimony must demonstrate, by a preponderance of the evidence, that the expert's testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009); *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1220–21 (D. Colo. 2008). To do so, the proponent must establish that "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The trial court acts as a "gatekeeper," reviewing the proffered opinions for both relevance and reliability before determining whether the evidence is admissible under Rule 702. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–95 (1993); *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000). The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the

practice of an expert in the relevant field." *Goebel*, 346 F.3d at 992 (quoting *Kumho Tire*, 526 U.S. at 152).

Generally, "rejection of expert testimony is the exception rather than the rule." *United States v. Nacchio*, 519 F.3d 1140, 1154 (10th Cir. 2008), *vacated in part on rehearing en banc*, 555 F.3d 1234 (10th Cir. 2009); *see also* Fed. R. Evid. 702, advisory committee's notes to 2000 amendments. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.   DISCUSSION

#### A.   GARY WHITE

Mr. White is a retail expert who describes himself as having "extensive knowledge and experience regarding retail executive management, retail operations including store safety, retail relations with local retail units, development of policy, procedures, and execution of such for retail companies and their operations." (Doc. # 49-3 at 1.) His curriculum vitae lists his occupation since 2010 as Chief Executive Officer of GW Retail Consulting, preceded by more than 30 years in the retail industry, during the vast majority of which he was in various levels of management. (*Id.* at 9–11.) Mr. White was retained as a rebuttal expert witness by Defendant. (Doc. # 49-2 at 2.) His report purports to render an opinion as to "whether and to what degree [the Defendant's store] manage[d] to execute the safety policies and procedures" necessary

to keep the invited public safe. (Doc. # 49-3 at 1.)

Mr. Gyrion argues that Mr. White's opinions and testimony should be excluded under both Federal Rules of Evidence 702 and 403. Mr. Gyrion does not raise arguments related to Mr. White's qualifications. Rather, he first avers that Mr. White's report and testimony must be excluded because they are "speculative" and "unsupported." (Doc. # 49 at 2, 6.) Specifically, Mr. Gyrion notes that Mr. White's opinion (1) relies on photographs that were not taken on the day of Mr. Gyrion's fall, and (2) references safety policies and procedures despite Defendant's responses to interrogatories which indicate that it has no policies and procedures regarding the specific location which Mr. Gyrion fell. (*Id.* at 6–8.)

Mr. Gyrion's arguments related to Defendant's policies and procedures, or lack thereof, appear disingenuous. As the Court discussed in its Order Affirming the Recommendation of United States Magistrate Judge, Defendant has asserted from the onset of this litigation that it is not the landowner of the area where Mr. Gyrion allegedly fell. (Doc. # 77 at 5.) Each of Defendant's responses to Mr. Gyrion's interrogatories, which Mr. Gyrion quotes in full in the instant Motion, clearly distinguish between the location of Mr. Gyrion's alleged fall and the Defendant's property. (Doc. # 49 at 6–8.) Each response clearly states that Defendant does not have policies and procedures related to the location of Mr. Gyrion's fall because Defendant does not own that property. (*Id.*) On the other hand, Mr. White's report and opinion clearly reference Defendant's policies and procedures related to its property—specifically "the upper loading dock area and the steps." (Doc. # 49-3 at 2.) Although in its Order Denying

5

Defendant's Motion for Summary Judgement the Court noted a dispute regarding the exact location of Mr. Gyrion's fall, neither party asserts that Mr. Gyrion fell on property owned by Defendant—such as the upper loading dock platform and steps. (Doc. # 6 at ¶¶ 11–13); *see also* (Doc. # 80 at 8.) Thus, Mr. White's conclusion that Defendant was following safety policies related to its property was not "drawn from thin air." (Doc. # 49 at 8.)

To the extent Mr. Gyrion argues that Mr. White's opinions are not relevant because they do not directly relate to the precise location of Mr. Gyrion's alleged fall (*id.*), the Court agrees that Mr. White's testimony does not shed light on the issue of whether Defendant is a statutory landowner of that area. However, the Court will allow Mr. White's testimony as relevant to Defendant's compliance with industry standards.

Further, in reviewing Mr. White's report the Court notes that he relies on, and references photographs that were not taken on the day of the alleged fall to describe the general layout of the loading dock area. (Doc. # 49-3 at 6–8.) Mr. White does not use these photographs as a basis to opine on temporary conditions related to Mr. Gyrion's fall, such as whether there was ice on the ground on December 7, 2019. (*Id.*) Therefore, the Court agrees with Defendant that Mr. White's reliance on these photographs does not render his testimony inadmissible, but rather goes to weight. *See United States v. Rubio-Sepulveda*, No. 14-cr-00144-CMA, 2017 WL 11454729, at *3 (D. Colo. Aug. 10, 2017) (explaining that any "alleged deficiencies" in the application of a reliable methodology goes "to the weight of the evidence and not to its admissibility.").

Mr. Gyrion also contends that Mr. White's report and testimony should be

excluded under Rule 403 because its probative value is outweighed by the danger of unfair prejudice and misleading the jury. (Doc. # 49 at 9–10.) However, the Court believes the jury will be able to distinguish between the areas to which Defendant had policies and procedures in place, and the areas to which it did not. Therefore, upon reviewing Mr. White's report and relevant portions of the record, the Court will not preclude his testimony pursuant to Rules 702 or 403.

### B.   KYLE JACOBSON

In its response to Plaintiff's Motion to Limit the Testimony of Kyle Jacobson, Defendant asserts that upon further conferral the parties have stipulated to the limitation of Mr. Jacobson's testimony. (Doc. # 57.) Therefore, the Court concludes that the Motion is moot.

### IV.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Motion to Preclude the Testimony of Gary White (Doc. # 49) is DENIED; and

- Plaintiff's Motion to Limit the Testimony of Kyle Jacobson (Doc. # 50) is DENIED AS MOOT.

DATED: May 19, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge